**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WARD, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 4:05CV317-DJS** |
| | ) | |
| **ENTERPRISE LEASING CO. OF** | ) | |
| **KANSAS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiffs Michael Ward and Roddric Ward seek damages for injuries allegedly sustained in a hit-and-run auto accident. The complaint alleges that defendant Enterprise Leasing Company of Kansas owned and insured the vehicle which was leased to and driven by Michael Ward. Defendants Gulf Insurance Co., Inc. and Consolidated Insurance Association are alleged to have also provided insurance coverage on the vehicle that Michael Ward leased from defendant Enterprise. Defendant Enterprise removed the action from the Circuit Court for the City of St. Louis, alleging the existence of diversity jurisdiction under 28 U.S.C. §1332.[1] Now before the Court is plaintiffs' motion to remand.

Resolution of the motion to remand turns on basic principles of diversity jurisdiction. An action may be removed to federal court on the basis of diversity "only if none of the

---

[1] The citizenship of the three John Doe defendants can be ignored for purposes of diversity removal jurisdiction. See 28 U.S.C. §1441(a).

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 18 U.S.C. §1441(b). The citizenship of corporations for diversity purposes is defined in 28 U.S.C. §1332(c)(1), and is dual. A corporation is deemed a citizen of any state "by which it has been incorporated" and of "the State where it has its principal place of business." Id. Plaintiffs' motion for remand is supported by the most recent Annual Registration Report filed by Enterprise Leasing Company of Kansas with the Missouri Secretary of State. It represents that the company's principal place of business or corporate headquarters is located at 600 Corporate Park Drive in St. Louis, Missouri. Defendant Enterprise is therefore a citizen of Missouri for purposes of diversity. In its opposition to the motion, Enterprise does not dispute the Missouri location of its principal place of business, but merely asserts that the company is incorporated under the laws of Kansas, a fact which would render Enterprise a citizen of Kansas as well, but does not affect the Missouri citizenship established by the principal place of business.

The undisputed record establishes that defendant Enterprise is a citizen of both Missouri and Kansas. Defendant's Missouri citizenship renders the removal of this action on the basis of diversity jurisdiction improper under §1441(b). The motion to remand will be granted, and the action remanded to the Circuit Court of the City of St. Louis. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand action to state court [Doc. #9] is granted.

**IT IS FURTHER ORDERED** that this action shall be remanded to the Circuit Court for the City of St. Louis.

Dated this ___31st___ day of August, 2005.

/s/Donald J. Stohr _____
UNITED STATES DISTRICT JUDGE